| | |
|---|---|
| 1 | JACKSON LEWIS P.C. |
| | NATHAN W. AUSTIN (SBN 219672) |
| 2 | BAILEY A. MCCABE (SBN 322098) |
| | 400 Capitol Mall, Suite 1600 |
| 3 | Sacramento, California 95814 |
| | Telephone:  (916) 341-0404 |
| 4 | Facsimile:   (916) 341-0141 |
| | Email:        nathan.austin@jacksonlewis.com |
| 5 |                       bailey.mccabe@jacksonlewis.com |
| 6 | Attorneys for Defendant |
| | ZUMIEZ INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DEVIN SANTIVANEZ, an individual, | CASE NO.  5:22-cv-00079 |
| Plaintiff, | **DEFENDANT ZUMIEZ INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 (DIVERSITY)** |
| vs. | |
| ZUMIEZ INC. AND DOES 1 - 24, inclusive, | |
| Defendants. | |
| | (Filed concurrently with Declaration of Nathan W. Austin; Request for Judicial Notice; Certification and Notice of Interested Parties; and Civil Cover Sheet) |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION, AND TO PLAINTIFF DENIS JACKSON AND HIS ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendant ZUMIEZ INC. ("Zumiez" or "Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441 to remove this action from the Superior Court of California, in and for the County of Riverside, on the grounds of diversity jurisdiction. In support thereof, Defendant asserts the following:

///

1

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 (DIVERSITY)

## DIVERSITY JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1441. This case may be removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

2. On December 8, 2021, Plaintiff DEVIN SANTIVANEZ ("Plaintiff") filed a civil Complaint against the named Defendant in the Superior Court of the State of California, in and for the County of Riverside, entitled *DEVIN SANTIVANEZ, an Individual v. ZUMIEZ INC. AND DOES 1 – 24, inclusive* (Case No. CVRI2105558). (Declaration of Nathan W. Austin in Support of Removal of Action filed concurrently herewith ["Austin Decl."], ¶ 2.) True and correct copies of the Complaint and Summons are attached as **Exhibits A** and **B**, respectively, accompanying the Declaration of Nathan W. Austin.

3. In the Complaint, Plaintiff alleges the following causes of action: (1) Wrongful Termination in Violation of Public Policy; (2) Retaliation in Violation of Labor Code section 1103.5 (Austin Decl., Exh. A.)

4. Plaintiff served Defendant ZUMIEZ INC. with the Summons and Complaint on December 13, 2021, along with a Civil Cover Sheet, Certificate of Counsel, Notice of Case Management Conference, Notice of Department Assignment, and ADR Information packet. (Austin Decl., ¶¶ 3-4.) True and correct copies of these documents are attached to the accompanying Declaration of Nathan W. Austin as **Exhibits C, D, E, F** and **G**, respectively.

5. On December 14, 2021, Plaintiff filed the Proof of Service of Summons for Defendant Zumiez Inc., indicating that Zumiez Inc. was served on December 13, 2021. (Austin Decl., ¶ 5.) A true and correct copy of the Proof Service is attached as **Exhibit H** to the accompanying Declaration of Nathan W. Austin.

///

6. On January 11, 2022, Defendant filed an Answer to the Complaint in the Superior Court of the State of California, County of Riverside, asserting a general denial as permitted by California Code of Civil Procedure section 431.30(d) and asserting various affirmative defenses on behalf of Defendant Zumiez Inc. (Austin Decl., ¶ 6.) A true and correct copy of the Answer is attached to the accompanying Declaration of Nathan W. Austin as **Exhibit I**.

7. As of the date of this Notice of Removal, Exhibits "A" through "I" attached to the accompanying Declaration of Nathan W. Austin constitute all of the pleadings and papers received and/or filed by Defendant, and/or currently on file, in this matter, and no further proceedings have occurred in the state court. (Austin Decl., ¶ 7.)

8. This removal is timely because it is filed within thirty (30) days after the service of a copy of Plaintiff's Summons and Complaint, and it thus falls within the time period mandated by 28 U.S.C. § 1446(b).

## REMOVAL BASED ON DIVERSITY JURISDICTION
## DIVERSITY OF CITIZENSHIP

9. This is a civil action of which this Court has diversity jurisdiction under 28 U.S.C. section 1332. This action may be removed to this Court by Defendants pursuant to 28 U.S.C. sections 1441(b) and 1446 because it is an action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. *See* paragraphs 10 through 15 in support herein as well as the Declaration of Nathan W. Austin submitted in support of this Notice of Removal ("Austin Decl.").

10. **Plaintiff is, and at all times relevant was, an individual residing in the State of California.** To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places where they reside with the intent to remain or to which

they intend to return. *Kanter v. Warner-Lambert Co*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff is an individual. Defendant is informed and believes and thereon allege Plaintiff was and still is a citizen of the State of California. *See* Austin Decl., Exh. A.

11. **Defendant ZUMIEZ INC. was, and at the time of filing of the Complaint, still is, a corporation formed under the laws of the State of Washington with its principal place of business in the State of Washington.** Zumiez Acquisition Inc. was originally registered as a Washington corporation with its principal place of business in Everett, Washington. See Defendant ZUMIEZ INC.'S Request for Judicial Notice in Support of Defendant ZUMIEZ INC.'S Removal of Action to the United States District Court for the Central District of California Pursuant to 28 U.S.C. §§ 1332 AND 1441 (Diversity) ("RJN") **Exhibit 1, ¶ 1**., Zumiez Acquisition Inc.'s name was changed to ZUMIEZ INC. by an Amended Statement by Foreign Corporation. See RJN **Exhibit 2**. ZUMIEZ INC. continues to be a Washington corporation with its principal place of business, and its headquarters is now located at 4001 204th Street SW Lynnwood, Washington 98036, RJN **Exhibit 2, ¶ 4; Exhibit 3**. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center'"). Therefore, ZUMIEZ INC. is a citizen of Washington for purposes of diversity of citizenship.

12. Accordingly, under 28 U.S.C. § 1332(c)(1), there is complete diversity of citizenship between the parties.

13. The presence of Doe Defendants has no bearing on diversity with respect to removal as 28 U.S.C. § 1441 provides that the citizenship of defendants

sued under fictitious names shall be disregarded for purposes of determining whether an action is removable on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1).

## AMOUNT IN CONTROVERSY

14. To support diversity jurisdiction, the amount in controversy must usually exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). In determining the amount in controversy, courts first look to the complaint. Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Ibarra v. Manheim Invs., Inc.* (9th Cir. 2015) 775 F.3d 1193, 1197.

15. Plaintiff alleges that he has suffered mental pain and suffering as well as physical manifestations thereof, in an amount to be established at trial in excess of $100,000. *See* Austin Decl., Exh. A., ¶ 19.

## VENUE IS PROPER

16. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. section 1446(a) because the State Court action was filed in Riverside County, and Riverside County is in the Central District's jurisdiction.

## CONSENT TO REMOVAL

17. Defendant is unaware of any other defendants having been named or served with the Complaint in this action. Accordingly, in accordance with 28 U.S.C. § 1446(b), all named defendants in this action consent to removal.

## NOTICE TO COURT AND PARTIES

34. Promptly after the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, in and for the County of Ventura.

///

35. This Notice of Removal is signed by counsel for Defendant pursuant to Federal Rule of Civil Procedure, Rule 11.

WHEREFORE, Defendants pray that the above action now pending against it in the Superior Court of the State of California, County of Imperial, be removed to this Court.

Dated: January 12, 2022               JACKSON LEWIS P.C.

By: */s/ Nathan W. Austin*
NATHAN W. AUSTIN
BAILEY A. MCCABE

Attorneys for Defendant
ZUMIEZ INC.

# PROOF OF SERVICE

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

On January 12, 2022, I served the foregoing documents described as:

**DEFENDANT ZUMIEZ INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 (DIVERSITY)**

in this action by transmitting a true copy thereof addressed as follows:

| Robert Hampton Rogers, Esq.<br>CALLANAN ROGERS & DZIDA LLP<br>800 South Figueroa Street, Suite 720<br>Los Angeles, CA 90017-2538<br>Email: rrogers@crdattorneys.com | **ATTORNEYS FOR PLAINTIFF DEVIN SANTIVANEZ**<br><br>Telephone: 213.599.7595<br>Fax: 213.599.7596 |
|---|---|

[X]  **MAIL** - by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth below. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

[X]  **STATE** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 12, 2022, at Sacramento, California.

_LaDonna Mims_
LaDonna Mims

PROOF OF SERVICE