# EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 12/08/2021 05:01 PM
Case Number CVRI2105558 0000006001186 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Freddy Roa, Clerk

1  ROBERT HAMPTON ROGERS - Bar No. 106206
   rrogers@crdattorneys.com
2  CALLANAN ROGERS & DZIDA, LLP
   800 South Figueroa Street, Suite 720
3  Los Angeles, California 90017-2521
   Telephone: (213) 599-7595
4  Facsimile: (213) 599-7596

5  Attorneys for Plaintiff
   DEVIN SANTIVANEZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| DEVIN SANTIVANEZ, an individual,<br><br>   Plaintiff,<br><br>   v.<br><br>ZUMIEZ INC.. AND DOES 1 - 25, inclusive,<br><br>   Defendants. | CASE No. CVRI2105558<br><br>**COMPLAINT FOR WRONGFUL DISCHARGE; RETALIATION**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

## GENERAL ALLEGATIONS

1. Plaintiff DEVIN SANTIVANEZ (hereinafter "Plaintiff") is an individual. Plaintiff was terminated on NOVEMBER 20, 2021.

2. Defendant ZUMIEZ, INC. is a corporation; (hereinafter "Defendant"), is a corporation doing business in the County of Riversides, State of California. Said Defendant was Plaintiff's employer.

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 25, inclusive, and therefore, sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of these fictiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

4. Defendants and/or each of them are the agents, employees, and each of the remaining defendants and in doing the things alleged were acting in the course and scope of such agency and employment.

## FIRST CAUSE OF ACTION

### (For Wrongful Termination in Violation of Public Policy Against all Defendants and Does 1-through 25).

5. Plaintiff incorporates by reference herein each and every allegation contained in Paragraphs 1 through 4, inclusive, of this Complaint as if fully set forth herein.

6. Fundamental public policy of the State of California prohibits the retaliatory discharge of an employee for refusing and objecting to reasonably believed illegal unsafe operations or conduct that violates California law (*Green v. Ralee Eng. Co.* (1998) 19 Cal. 4th 66, 87 "[t]here is no public policy more important or more fundamental than the one favoring the effective protection of the lives and property of citizens.""). There are fundamental public

-2-
COMPLAINT

1  policies that prohibit discharge of an employee who complains or objects about unsafe work
2  practices and safety hazards. Every employer has the general obligation under Cal/OSHA to
3  furnish safe and healthful employment to its employees, and must do everything that is
4  reasonably necessary to protect employees' safety and health, including using necessary
5  safeguards and safety devices as well as ensuring the operations of equipment [Lab.C. §§
6  6300, 6400, 6401,6402,6403,6404; Cal/OSHA General Safety Orders 3203 et seq. 3600 et
7  seq]

8   7.   California Labor Code sections 6310 and 1102.5(b) provides important public policies that protects employers like Defendant from retaliation against employees like Plaintiff from adverse employment actions after opposing practices that the employee believes in good faith violates the law.

12   8.   While employed by Defendant Plaintiff repeatedly objected to management about employee practices which he reasonably believed were unsafe. These included safety issues that threatened the health and welfare of the employees of Defendant.

15   9.   As more fully described above, Plaintiff engaged in a protected activity under California public policy when he complained about practices that he reasonably believed violated the laws.

18   10.   On November 20, 2021 after Plaintiff arrived at work he was terminated by his manager Chris for insubordination. This was pretextual. Plaintiff is informed and believes, and thereon alleges, that a substantial motivating reason for his termination was in retaliation for his repeated objections or complaints to management about reasonably believed work place safety hazards .

23   11.   As a direct and legal result of Defendants' actions, Plaintiff has suffered, and continues to suffer damages and losses in earnings and other employment benefits, to his damages in an amount to be established at trial as well as other special damages resulting from his termination.

27   12.   Plaintiff has further suffered mental pain and suffering as well as physical manifestations thereof, as a result of her wrongful termination.

13. As alleged above, Defendants conduct was willful, wanton, malicious, intentional, oppressive and despicable and was done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents of Defendants, and/or with the express knowledge, consent, and ratification of managerial employees of Defendants, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial. Terminating Plaintiff based on retaliatory or discriminatory intent and then lying about it to cover-up the illegal basis is despicable conduct supporting punitive damages. (*Cloud v. Casey* (2nd Dist. 1999) 76 Cal.App.4th 895, 911-912).

## SECOND CAUSE OF ACTION

**(For Retaliation in Violation of Labor Code section 1102.5 Against all Defendants)**

14. Plaintiff incorporates paragraphs 1 through 13 above by reference as though set forth at length.

15. Under California-Labor Code § 1102.5(b), an employer may not retaliate against an employee who discloses information, "to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance... if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

16. Plaintiff engaged in protected activities as alleged above in paragraphs 6-10 above. At the time Plaintiff made objections to management as noted in paragraphs 6-10. Plaintiff had reasonable cause to believe that they concerned a violation of State or Federal laws or regulations. Defendant wrongfully and unlawfully retaliated against Plaintiff by wrongfully terminating him on November 20, 2021 for pretextual reasons as alleged in paragraph 1-15 above.

17. As a direct and legal result of Defendants' actions, Plaintiff has suffered, and continues to suffer damages and losses in earnings and other employment benefits and special

1 damages in an amount to be established at trial in excess of $25,000.

2  19. As a direct and legal result of Defendants' actions, Plaintiff has further suffered mental pain and suffering as well as physical manifestations thereof, in an amount to be established at trial in excess of $100,000.

 20. As alleged above in paragraphs 6-10, Defendants conduct was willful, wanton, malicious, intentional, oppressive and despicable and was done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents of Defendants, and/or with the express knowledge, consent, and ratification of managerial employees of Defendants, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial. Terminating Plaintiff based on retaliatory or discriminatory intent and then lying about it to cover-up the illegal basis is despicable conduct supporting punitive damages. (*Cloud v. Casey* (2nd Dist. 1999) 76 Cal.App.4th 895, 911-912).

WHEREFORE, plaintiff prays judgment against defendants and each of them, as follows:

1. For damages according to proof, including lost earnings and other employee benefits, past and future;

2. For interest on lost earnings and benefits at the prevailing legal rate from date of termination;

3. For damages for pain and suffering in an amount according to proof;

4. For special damages in an amount according to proof;

5. For punitive damages in an amount according to proof;;

6. For costs of suit; and

7. For such further relief as the court deems just and proper.

DATED: December 8, 2021

CALLANAN, ROGERS & DZIDA, LLP
ROBERT HAMPTON ROGERS

By: _____
Robert Hampton Rogers
Attorneys for Plaintiff DEVIN SANTIVANEZ