# EXHIBIT I

JACKSON LEWIS P.C.
NATHAN W. AUSTIN (SBN 219672)
BAILEY A. MCCABE (SBN 322098)
400 Capitol Mall, Suite 1600
Sacramento, California 95814
Telephone: (916) 341-0404
Facsimile: (916) 341-0141
Email: nathan.austin@jacksonlewis.com
bailey.mccabe@jacksonlewis.com

Attorneys for Defendant
ZUMIEZ INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| DEVIN SANTIVANEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ZUMIEZ INC. AND DOES 1 - 24, inclusive,<br><br>Defendants. | CASE NO. CVRI2105558<br><br>**ASSIGNED FOR ALL PURPOSES TO:<br>HON. DANIEL OTTOLIA<br>DEPARTMENT 4**<br><br>**DEFENDANT ZUMIEZ INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed: 12.08.21<br>Trial Date: None Set |

Defendant ZUMIEZ INC. ("Defendant") hereby answers Plaintiff DEVIN SANTIVANEZ's ("Plaintiff") Unverified Complaint ("Complaint") without waiving its right to compel arbitration of this matter, as follows:

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each allegation contained in Plaintiff's Complaint, and each cause of action of said Complaint, and further deny Plaintiff has suffered any injury or damages of any kind attributable in any way to an alleged act or omission by Defendant.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint and the purported causes of action alleged therein, under information and belief and without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges as follows:

1

DEFENDANT ZUMIEZ INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**FIRST AFFIRMATIVE DEFENSE**

1. Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

2. Any recovery on Plaintiff's Complaint, and/or each purported cause of action alleged therein, is barred by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure sections 335.1, 338(a), and 340(a), California Business and Professions Code section 17208.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is barred, in whole or in part, or should be stayed, to the extent Plaintiff has agreed to arbitrate any or all of the purported causes of action asserted in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

4. A recovery on Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part because Plaintiff's respective terms of employment were for an unspecified duration and therefore terminable at will, with or without cause, pursuant to Labor Code section 2922.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is barred, settled and/or released in whole or in part, and/or recovery is precluded in whole or in part, to the extent there are settlements, judgments and/or resolutions in other legal or administrative actions brought against Defendant by or on behalf of Plaintiff or to the extent there have been voluntary payments by Defendant with respect to some or all of the claims asserted in Plaintiff's Complaint, or to the extent there are releases of claims in exchange for severance packages or other consideration provided by Defendant to Plaintiff. Moreover, Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is barred by the doctrine of payment, or the doctrine of payment limits and reduces the alleged damages, to the extent Plaintiff accepted payment in full discharge of Defendant's obligations. Without limiting the generality of this affirmative defense,

Defendant alleges that to the extent Plaintiff voluntarily settled and released all or portions of his purported claims, they are barred from pursuing these claims, or portions of claims subject to settlements entered with Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

6. Any recovery on Plaintiff's Complaint as a whole, and/or each purported cause of action alleged therein, is barred in whole or in part, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The Complaint as a whole, and each purported cause of action alleged therein, is barred under the avoidable consequences doctrine. Defendant had procedures in place for reporting work-related issues, including, but not limited to, discrimination, and payment of wages issues. Plaintiff failed to utilize Defendant's preventive and corrective measures. Reasonable use of Defendant's preventive and corrective measures would have prevented at least some of the harm Plaintiff allegedly suffered.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrines of laches, estoppel, waiver, and unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is barred in that Defendant's actions were a just and proper exercise of management discretion, which was undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

**TENTH AFFIRMATIVE DEFENSE**

10. Any recovery on Plaintiff's Complaint, or any purported cause of action therein, is barred because, assuming *arguendo* that unlawful reasons had been a substantial motivating factor in any employment decision toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff for separate legitimate, non-discriminatory, non-retaliatory and lawful business reasons.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Defendant is entitled to an offset for amounts Plaintiff owes Defendant for receipt of any wages and other benefits to which Plaintiff is not entitled or did not earn.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred to the extent Plaintiff lacks standing to bring the instant action.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff is not entitled to duplicative recovery under the purported causes of action alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Any recovery on Plaintiff's Complaint is barred in whole or in part because the decisions related to Plaintiff's employment were based on bona fide occupational qualifications.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Any recovery on Plaintiff's Complaint is barred in whole or in part because each and every action taken by Defendant with respect to Plaintiff was justified by business necessity designed to operate the business safely and efficiently.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Prior to the filing of Plaintiff's Complaint, Defendant was unaware of any of the conduct alleged in the Complaint and has not ratified, condoned or adopted any such alleged unlawful conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Any claim for punitive damages is unwarranted in that the individuals who purportedly engaged in unlawful conduct toward Plaintiff were not and have never been managing agents of Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claim for exemplary and punitive damages is barred because Plaintiff has failed to raise sufficient allegations of malice, oppression, or fraud and has failed to raise sufficient allegations to comply with the requirements of Civil Code section 3294.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Defendant is not liable for Plaintiff's claim for damages set forth in the Complaint to the extent Plaintiff seeks redress for physical or emotional injuries arising from preexisting physical or mental conditions.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiff's Complaint and each alleged cause of action and any purported claims for emotional distress damages are barred because Defendant's conduct was permissible in that Defendant was exercising their legal right and/or protecting their economic interest, Defendant's conduct was lawful and consistent with community standards, and Defendant had a good faith belief it had a right to engage in such conduct.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Plaintiff's purported claims for emotional distress damages are barred because the exclusive remedy for Plaintiff's alleged emotional distress and other injuries, if any, is before the California Workers' Compensation Appeals Board pursuant to the exclusive remedy provisions of the California Workers' Compensation Act (*see* California Labor Code section 3600 *et seq.*). Plaintiff's Complaint alleges an injury compensable under the California Workers' Compensation Act because Plaintiff's alleged injuries: (1) occurred at a time when both Plaintiff and Defendant were subject to California Labor Code section 3600, subdivision (a); (2) occurred in the course of and incidental to Plaintiff's employment; and (3) were proximately caused by the employment.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. The alleged acts of Defendant were not outrageous, intentional, or reckless, and Plaintiff did not suffer severe emotional distress as a result of Defendant's alleged acts.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. Plaintiff's claim Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred in whole or in part and limited by its lack of actual or constructive knowledge. Plaintiff did not inform Defendant of any alleged health or safety violations, retaliation, or wrongful termination prior to filing a lawsuit. Plaintiff, therefore, did not provide Defendant

///

with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time the Complaint was filed.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. To the extent prayed for in the Complaint, Plaintiff is not entitled to equitable or injunctive relief, because Plaintiff has suffered no irreparable injury based on any alleged conduct of Defendant, and Plaintiff has an adequate remedy at law for any such alleged conduct.

## RESERVATION OF RIGHTS

25. Because Plaintiff's Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by his Complaint;
2. That the Complaint be dismissed in its entirety with prejudice;
4. That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;
5. For cost of suits incurred herein, including reasonable attorneys' fees; and
6. For such other and further relief as the Court deems just and equitable.

Dated: January 11, 2022                         JACKSON LEWIS P.C.

By: _____
   NATHAN W. AUSTIN
   BAILEY A MCCABE

Attorneys for Defendant
ZUMIEZ INC.

DEFENDANT ZUMIEZ INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

# PROOF OF SERVICE

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

On January 11, 2022, I served the foregoing document described as:

**DEFENDANT ZUMIEZ INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

in this action by transmitting a true copy thereof addressed as follows:

| | |
|---|---|
| Robert Hampton Rogers, Esq. (SBN 106206)<br>CALLANAN ROGERS & DZIDA LLP<br>800 South Figueroa Street, Suite 720<br>Los Angeles, CA 90017-2538<br>Email: rrogers@crdattorneys.com | **ATTORNEYS FOR PLAINTIFF**<br>**DEVIN SANTIVANEZ**<br><br>Telephone:   213.599.7595<br>Fax:              213.599.7596 |

[X]   **E-MAIL OR ELECTRONIC TRANSMISSION** - Based on California Code of Civil Procedure Section 1010.6(e)(1)(2), I caused the document(s) described above to be sent from e-mail address tami.martinelli@jacksonlewis.com to the person(s) at the e-mail address(es) listed above.

[X]   **STATE** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 11, 2022, at Sacramento, California.

_____
Tami J. Martinelli

PROOF OF SERVICE