JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 22-79 PA (SHKx) | Date | January 14, 2022 |
|---|---|---|---|
| Title | Devin Santivanez v. Zumiez Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman (video) | Sheri Kleeger (video) |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Robert Rogers (video) | Nathan Austin (video) |

**Proceedings:** STATUS CONFERENCE via ZOOM

Court and counsel confer concerning the Notice of Removal filed by defendant Zumiez Inc. ("Defendant"). Defendant alleges that this Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). On January 14, 2022, the Court held a telephonic hearing with counsel for the parties to determine whether diversity jurisdiction over this action exists. For the reasons stated below, the Court finds that Defendant has failed to sufficiently demonstrate that this Court has subject matter jurisdiction over this action.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must show that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 22-79 PA (SHKx) | Date | January 14, 2022 |
|---|---|---|---|
| Title | Devin Santivanez v. Zumiez Inc., et al. | | |

members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

In the Notice of Removal, Defendant alleges: "Plaintiff is, and all times relevant was, an individual residing in the State of California. . . . Plaintiff is an individual. Defendant is informed and believes and thereon allege Plaintiff was and still is a citizen of the State of California. See Austin Decl., Exh. A." (Notice of Removal ¶ 10, Docket No. 1.) Upon examination of Exhibit A, the Court finds nothing to support the allegation that Plaintiff is a citizen of the State of California. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendant's allegations related to plaintiff's citizenship are insufficient to invoke this Court's diversity jurisdiction.

At the status conference, Defendant's counsel was asked if he had any evidence concerning Plaintiff's citizenship and was given an opportunity to supplement the allegations in the Notice of Removal. Defendant proffered no additional facts or argument in support of the Court's exercise of subject matter jurisdiction over this action. Plaintiff's counsel moved for the Court to remand the action to Riverside County Superior Court based on Defendant's failure to adequately allege a basis for the Court's subject matter jurisdiction in the Notice of Removal. Based on Defendant's failure to satisfy its burden to adequately allege a basis for the Court's subject matter jurisdiction, the Court grants plaintiff's Motion to Remand. Accordingly, this action is hereby remanded to Riverside County Superior Court, Case Number CVRI2105558, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

|  | : | 08 |
|---|---|---|
| Initials of Preparer | | kss |